IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3335-FL

| | |
|---|---|
| NATHANIEL L. JOYNER, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| DAVID J. SAULS, | ) |
| Defendant.[1] | ) |

This matter is before the court on defendant's motions for summary judgment (DE 32) pursuant to Federal Rule of Civil Procedure 56 and to seal an exhibit filed in support of the motion (DE 37). The motion for summary judgment has been fully briefed, and in this posture, the issues raised are ripe for ruling.

## STATEMENT OF THE CASE

Plaintiff, a state inmate proceeding pro se, commenced this action by filing a complaint asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983 the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq. Plaintiff alleges defendant was deliberately indifferent to his serious medical needs and did not provide adequate facilities to accommodate his physical disabilities.

Following a period of discovery, and in accordance with the court's case management order, defendant filed the instant motion for summary judgment on April 10, 2025. Defendant

---

[1] Formerly named defendants Warden Hardee, Lead Nurse C. Mad, Todd Ishee, and Cora Mattocks were dismissed by court order on March 1, 2024.

argues that the undisputed evidence shows that plaintiff failed to exhaust his administrative remedies, he was not deliberately indifferent, and he is entitled to qualified immunity. In support of the motion, defendant relies upon a memorandum of law, statement of material facts, and appendix of exhibits thereto comprising: 1) declaration of Amy Larosa, a medical records manager for North Carolina Department of Adult Corrections; 2) plaintiff's medical records; 3) declaration of Kimberly D. Grande, executive director of the Inmate Greivance Resolution Board; 4) plaintiff's administrative grievances; 5) and defendant's declaration.

On April 11, 2025, the court provided plaintiff notice of the motion and instructions for responding, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff responded in opposition by filing a notarized but unverified, four-page document arguing defendant was deliberately indifferent for delaying medical treatment for pain and failing to provide ADA approved restroom facilities.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita

2

Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation omitted).

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of

more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

B.      Analysis

Defendant has satisfied his burden of identifying the portions of the record that demonstrate the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323; (see Def's Mot. (DE 32); Def's Mem. (DE 35)). The burden therefore shifts to plaintiff to "come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 586–87. Because plaintiff's response to the motion does not identify evidence establishing a genuine dispute of material fact (see DE 40), and neither his response nor complaint (DE 15) are verified, he has failed to meet this burden.[2] See Celotex, 477 U.S. at 324; Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Accordingly, plaintiff has not established a triable issue of fact and defendant is entitled to judgment as a matter of law. See Anderson, 477 U.S. at 247–48.

C.      Motion to Seal

Defendant moves to seal plaintiff's medical records filed in support of the motion for summary judgment. The public has received adequate notice of the motion to seal. See In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir.1984). Regarding the documents the parties seek to seal in their entirety, no less drastic alternative to sealing is available because the private information appears throughout the filings sought to be sealed. See Doe v. Pub. Citizen, 749 F.3d 246, 265–66 (4th Cir. 2014). Plaintiff's interest in preserving the confidentiality of his private

---

[2] Although plaintiff's response contains a Notarial Certificate, it is not signed under penalty of perjury. (See DE 40). A Notarial Certificate only indicates that plaintiff signed the response and is not a certification that he swore to tell the truth of the contents. See N.C. Gen Stat. §§ 10B-41, 10B-3(1); Pratt v. Allbritton, No. 4:16-cv-00198-BR, 2018 WL 4610151, at *7 (E.D.N.C. Aug. 8, 2018), report and recommendation adopted, No. 4:16-cv-198-BR, 2018 WL 4604522 (E.D.N.C. Sept. 21, 2018), aff'd, Pratt v. Albriton, 764 F. App'x 343 (4th Cir. 2019).

4

health conditions outweighs any public interest in disclosure. Accordingly, the court will seal these records.

## CONCLUSION

Based on the foregoing, defendant's motions for summary judgment (DE 32) and to seal (DE 37) are GRANTED. The clerk is DIRECTED to maintain docket entry 36 under seal until further order of the court and to close this case.

SO ORDERED, this the 10th day of September, 2025.

                                         LOUISE W. FLANAGAN
                                         United States District Judge